**DALLAS COUNTY, Texas, Appellant,**

v.

**Reginald AUTRY, Appellee.**

**No. 05–06–01436–CV.**

Court of Appeals of Texas, Dallas.

March 26, 2008.

Rehearing Overruled May 5, 2008.

Todd Keith Sellars, Asst. Dist. Atty., Dallas, for appellant.

John E. Wall, Jr., Law Office of John E. Wall, Jr., Dallas, for appellee.

Before Justices MOSELEY, BRIDGES, and RICHTER.

## OPINION

Opinion by Justice MOSELEY.

This is an interlocutory appeal of the trial court's order denying Dallas County's motion to dismiss, motion for summary judgment, and plea to the jurisdiction. Reginald Autry filed a workers' compensation retaliatory discharge claim against the County. After service of citation, the County filed an answer within thirty days of the suit denying the claim and requesting an abatement for Autry to give notice and present his claim to the commissioners court. Over a year and a half later, the County moved to dismiss the suit for Autry's failure to give notice under various statutes. We conclude we do not have jurisdiction over the interlocutory appeal and dismiss the appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

While employed by the County, Autry injured his knee during a training session as a juvenile detention officer. Autry filed a workers' compensation claim. He was later terminated and filed suit against the County alleging he was fired in retaliation for filing a workers' compensation claim, a violation of chapter 451 of the labor code. TEX. LAB.CODE ANN. §§ 451.001–.003 (Vernon 2006). The suit was filed on January 21, 2005. As required by law, Autry directed that citation be issued and served on the county judge. TEX. CIV. PRAC. & REM.CODE ANN. § 17.024(a) (Vernon 1997) ("In a suit against a county, citation must be served on the county judge."). The record reflects the return of citation was filed on February 4, 2005 and the County,

through the district attorney's office, filed its original answer on February 17, 2005. The County did not contest the adequacy of service of citation, move to quash citation, or object to the method of service. *See* TEX.R. CIV. P. 106, 107, 122. The County's original answer requested an abatement arguing that Autry did not present his claim to the commissioners court at least sixty days before filing suit, *see* TEX. LOC. GOV'T CODE ANN. § 89.004 (Vernon 2008), and did not give the County notice of his claim within six months of his termination as required by the Tort Claims Act, *see* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(a) (Vernon 2005).

On July 21, 2006, the County filed a supplemental answer arguing Autry did not give written notice of his lawsuit by mail to the county judge and district attorney within thirty business days of filing suit under local government code section 89.0041. TEX. LOC. GOV'T CODE ANN. § 89.0041 (Vernon 2008). On August 4, 2006, the County filed its motion to dismiss, motion for summary judgment, and plea in abatement seeking to dismiss the lawsuit for Autry's failure to comply with the three notice statutes cited in its original and supplemental answers.[1] The trial court denied the motion.

The County raises three issues on appeal arguing the trial court erred in denying the motion to dismiss and plea to the jurisdiction: (1) for failure to give notice after suit was filed under local government code section 89.0041; (2) failure to present a claim to the County commissioners court before filing suit under local government code section 89.004; and (3) failure to give notice under the Texas Tort Claims Act.

---

1. The other grounds for summary judgment in the motion are not before us in this interlocutory appeal.

STANDARD OF REVIEW

██ A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims have merit. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). The existence of subject matter jurisdiction is a question of law; thus, we review de novo the trial court's ruling on a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). We have jurisdiction over an interlocutory appeal of the denial of a plea to the jurisdiction by a governmental entity if the plea raises a valid basis for challenging the trial court's subject matter jurisdiction. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2007); *Tex. Dep't of Crim. Justice v. Simons,* 140 S.W.3d 338, 339, 349 (Tex.2004); *Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser,* 140 S.W.3d 351, 355 (Tex. 2004).

ANALYSIS

A. Post-suit Notice

██ In its first issue, the County argues the trial court erred in not dismissing the suit because Autry did not give written notice to the County after he filed suit. Local government code section 89.0041 requires a person filing a suit against a county to give written notice of the suit to the county judge and county or district attorney by certified or registered mail

within thirty business days *after* suit is filed. TEX. LOC. GOV'T CODE ANN. § 89.0041.[2] We recently addressed similar arguments by the County in *Dallas County v. Coskey,* No. 05–07–00160–CV, 2008 WL 570616 (Tex.App.-Dallas Mar. 4, 2008, no pet. h.). We concluded that section 89.0041 is not jurisdictional and that substantial compliance satisfies its notice requirements. *Id.* at *4. The record here shows the citation was issued and served on the county judge within thirty days after suit was filed and, within the same time period, the County through the district attorney's office filed an answer. We conclude Autry substantially complied with section 89.0041. *See id.*

██ We also conclude government code section 311.034 making "statutory prerequisites to a suit, including the provision of notice," jurisdictional does not apply to local government code section 89.0041 and this suit because the section 89.0041 notice is a *post*-suit notice, not a prerequisite to suit, and this suit was filed before the effective date of government code section 311.034. *Id.; see Dallas County v. Posey,* 239 S.W.3d 336, 339 (Tex.App.-Dallas 2007, pet. filed) (concluding government code section 311.034 does not apply retroactively). We reject the County's first issue.

B. Presentment to Commissioners Court

██ The County's second issue argues the suit should have been dismissed be-

---

2. Section 89.0041 states:

(a) A person filing suit against a county or against a county official in the official's capacity as a county official shall deliver written notice to:

(1) the county judge; and

(2) the county or district attorney having jurisdiction to defend the county in a civil suit.

(b) The written notice must be delivered by certified or registered mail by the 30th business day after suit is filed and contain:

(1) the style and cause number of the suit;

(2) the court in which the suit was filed;

(3) the date on which the suit was filed; and

(4) the name of the person filing suit.

(c) If a person does not give notice as required by this section, the court in which the suit is pending shall dismiss the suit on a motion for dismissal made by the county or the county official.

TEX. LOC. GOV'T CODE ANN. § 89.0041.

cause Autry did not present his claim to the County commissioners court as required by local government code section 89.004(a).[3] The County recognizes that at the time this suit was filed in 2005, failure to present a claim under section 89.004 did not deprive the trial court of subject matter jurisdiction. *See Essenburg v. Dallas County*, 988 S.W.2d 188, 189 (Tex.1998). The County argues government code section 311.034 now makes presentment before filing suit jurisdictional. This suit was filed before the effective date of the amendment to section 311.034 making statutory prerequisites to filing suit jurisdictional. As we said above, this amendment to section 311.034 is not retroactive and does not apply to this case. *See Posey*, 239 S.W.3d at 339. We reject the County's second issue.

## C. Notice under Tort Claims Act

The County's third issue argues the suit should have been dismissed because Autry failed to give notice to the County under the Tort Claims Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(a).[4]

Autry filed a retaliatory discharge claim against the County under labor code section 451.001. TEX. LAB.CODE ANN. § 451.001. The County's sovereign immunity has been waived for workers' compensation retaliatory discharge claims by labor code section 504.002, but only to the extent of the damage limits provided by the Tort Claims Act. TEX. LAB.CODE ANN.

§ 504.002; *Kuhl v. City of Garland*, 910 S.W.2d 929, 931 (Tex.1995) (per curiam) (political subdivisions law, labor code § 504.002, waives immunity of political subdivisions for retaliatory discharge claims); *City of La Porte v. Barfield*, 898 S.W.2d 288, 297 (Tex.1995) (same); *see also Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 9–10 (Tex.2000) (noting that *Barfield* held express language in section 504.002, not its reference to damage limits in Tort Claims Act, waived immunity). Because the County's immunity from suit in this case was waived by the labor code, not the Tort Claims Act, it is not clear that the Tort Claims Act's notice requirements apply to a retaliatory discharge claim.

Assuming, however, the notice requirements apply to this case, before September 1, 2005, the failure to give notice of a claim as required by section 101.101 did not deprive a trial court of subject matter jurisdiction. *See Loutzenhiser*, 140 S.W.3d at 362, 365. The County again relies on the 2005 amendment to government code section 311.034 to support its argument that failure to give notice under section 101.101(a) is jurisdiction. We reject that argument because section 311.034 does not apply retroactively to this suit. *See Posey*, 239 S.W.3d at 339. We reject the County's third issue.

### CONCLUSION

We conclude none of the County issues raise an issue that can be jurisdictional

---

3. Section 89.004 provides in relevant part:

(a) Except as provided by Subsection (c), a person may not file suit on a claim against a county or an elected or appointed county official in the official's capacity as an appointed or elected official unless the person has presented the claim to the commissioners court and the commissioners court neglects or refuses to pay all or part of the claim before the 60th day after the date of the presentation of the claim.

TEX. LOC. GOV'T CODE ANN. § 89.004.

4. Section 101.101(a) provides:

(a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:

(1) the damage or injury claimed;
(2) the time and place of the incident; and
(3) the incident.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(a).

under the law in effect at the time this suit was filed. Accordingly, we do not have jurisdiction over this interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8); *Simons,* 140 S.W.3d at 339, 349 ("an interlocutory appeal cannot be taken from the denial of a plea to the jurisdiction that does not raise an issue that can be jurisdictional").

We dismiss this appeal for want of jurisdiction.