

# NUMBER 13-06-00405-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOE GUADALUPE BALLESTEROS,**                  **Appellant,**

**v.**

**NUECES COUNTY, TEXAS,**                       **Appellee.**

---

**On appeal from the 347th District Court of Nueces County, Texas.**

---

# OPINION ON REHEARING

**Before Justices Yañez, Benavides and Vela**
**Opinion On Rehearing by Justice Benavides**

We grant appellant's motion for rehearing, deny his motion for rehearing en banc, vacate and withdraw our opinion dated August 31, 2007, and issue this opinion on rehearing in its place.

On March 21, 2006, appellant, Joe Guadalupe Ballesteros, sued Nueces County,

Texas, under section 451.001 of the labor code. *See* TEX. LAB. CODE ANN. § 451.001 (Vernon 2006) (prohibiting the firing of an employee for, among other things, filing "a worker's compensation claim in good faith"). Nueces County filed a "Plea to the Jurisdiction and Motion to Dismiss," arguing that Ballesteros failed to comply with section 89.0041 of the local government code. *See* TEX. LOC. GOV'T CODE ANN. § 89.0041 (Vernon 2008). The trial court granted the plea and the motion, finding them "meritorious," and dismissed Ballesteros's suit. On appeal, Ballesteros argues that the trial court erred in dismissing his suit because (1) section 89.0041 is not jurisdictional, and (2) he complied with section 89.0041 of the local government code.[1] We reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 16, 2003, while a captain in the Nueces County Sheriff's Department, Ballesteros suffered an on-the-job injury and filed a worker's compensation claim. Due to this injury, Ballesteros missed work for an extended period of time. On November 12, 2003, Ballesteros's health care provider released him to return to work on a part-time basis. Nueces County denied Ballesteros the opportunity to return to work, and on November 14, Sheriff Larry Olivarez terminated Ballesteros's employment.

Upon his termination, Ballesteros filed an employment grievance with Nueces County contesting the termination. On December 17, 2003, the Nueces County Commissioners' Court considered Ballesteros's grievance and referred the grievance back to the sheriff's department for disposition. The sheriff's department did not reinstate Ballesteros's employment.

---

[1] Because we sustain Ballesteros's first two issues, we do not address the additional issues he raises on appeal.

On January 18, 2005, Ballesteros sued Nueces County in federal district court, asserting violations of the Constitution, 42 U.S.C. Section 1983, Title VII of the Civil Rights Act, and the Texas Labor Code. *See* U.S. Cons. amends. V, XIV; 42 U.S.C. §§ 1983, 2000e-2; Tex. Lab. Code Ann. § 451.001. Litigation continued in the federal district court for more than a year while the parties filed responsive pleadings and motions. The federal district court's docket sheet for the case reflects that between Nueces County, Ballesteros, and the court, approximately sixty docket entries were generated.

On March 8, 2006, the federal district court held a hearing during which the judge discussed dismissal with the parties. Ultimately, upon the parties' agreement to end discovery and to proceed in state court only on the labor code section 451.001 claim, the court dismissed the case without prejudice so that Ballesteros could file his action in state court.

On March 21, 2006, Ballesteros filed the present action in state district court. On March 22, 2006, Ballesteros faxed a copy of his original petition to the Nueces County Attorney's Office. On March 29, 2006, by private process server, Ballesteros served a copy of his original petition on Nueces County Judge Terry Shamsie. On April 21, 2006, Nueces County answered and filed a plea to the jurisdiction and motion to dismiss.

In its plea and motion, Nueces County asserted that Ballesteros failed to comply with section 89.0041 of the local government code and argued that this failure is a jurisdictional defect robbing the state district court of jurisdiction under section 311.034 of the government code. *See* Tex. Loc. Gov't Code Ann. § 89.0041; Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2008). On July 7, 2006, the district court granted the plea and motion and dismissed Ballesteros's claim. Ballesteros appealed.

3

## II.  STANDARD OF REVIEW

A plea to the jurisdiction seeks to defeat a cause of action without considering the merits of the claim.  *See Dallas County v. Coskey*, 247 S.W.3d 753, 754 (Tex. App.–Dallas 2008, pet. denied) (citing *Bland Indep. Sch. Dist. v Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). Whether a court has subject-matter jurisdiction is a question of law; therefore, we review a court's ruling on a plea to the jurisdiction de novo.  *Id.* (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

## III.  DISCUSSION

Ballesteros's appellate issues require us to decide whether section 89.0041 of the local government code is jurisdictional and, if not, whether substantial compliance with section 89.0041's requirements is sufficient to withstand a motion to dismiss.  *See* TEX. LOC. GOV'T CODE ANN. § 89.0041.  Section 89.0041(a) provides that "[a] person filing suit against a county or against a county official in the official's capacity as a county official shall deliver written notice to:  (1) the county judge; and (2) the county or district attorney having jurisdiction to defend the county in a civil suit."  *Id.* at 89.0041(a).  Such "notice must be delivered by certified or registered mail by the 30th business day after suit is filed . . . ." *Id.* at 89.0041(b).  "If a person does not give notice as required by this section, the court in which the suit is pending shall dismiss the suit on a motion for dismissal made by the county or the county official."  *Id.* at 89.0041(c).  Ballesteros asserts that section 89.0041 is not jurisdictional and that he complied with the statute.  We agree.

### A.    Is Section 89.0041 Jurisdictional?

In its plea to the jurisdiction, Nueces County argued that Ballesteros failed to comply

4

with section 89.0041 of the local government code and that his failure to do so relieved the trial court of jurisdiction under section 311.034 of the government code. *See* TEX. LOC. GOV'T CODE ANN. § 89.0041; TEX. GOV'T CODE ANN. § 311.034. Section 311.034 provides that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE ANN. § 311.034. To determine whether section 89.0041 is jurisdictional, we must construe the relevant statutes.

Our primary goal in interpreting statutes is to determine and effectuate the legislature's intent in promulgating the statute. *Coskey*, 247 S.W.3d at 755 (citing *In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001)). We assume the legislature means what it says, so we begin our interpretation with the plain language of the statute. *Id.* "[T]he statute's words should be the surest guide to the legislature's intent." *Id.* (citing *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999)).

As the Dallas Court of Appeals recognized, the quoted portion of section 311.034 "addresses provisions of notice that are 'statutory prerequisites to a suit.'" *Id.* (quoting TEX. GOV'T CODE ANN. § 311.034). "A prerequisite is 'something that is required beforehand.'" *Dallas County v. Hughes*, 189 S.W.3d 886, 888 (Tex. App.–Dallas 2006, pet. denied) (quoting WEBSTER'S THIRD INTERNATIONAL DICTIONARY 1791 (1981); *see County of Bexar v. Bruton*, 256 S.W.3d 345, 348 (Tex. App.–San Antonio 2008, no pet.). While section 311.034 addresses notice provisions that are "statutory prerequisites to a suit," section 89.0041's written notice requirement is a post-suit notice provision. *See* TEX. GOV'T CODE ANN. § 311.034; TEX. LOC. GOV'T CODE ANN. § 89.0041(b)*; Coskey*, 247 S.W.3d at 755.

Section 89.0041 requires that written notice must be delivered to certain parties "by certified or registered mail by the 30th business day *after* suit is filed." TEX. LOC. GOV'T CODE ANN. § 89.0041(b) (emphasis added). By its plain language, section 311.034 applies to actions that must be taken before a lawsuit is filed; therefore, it does not apply to section 89.0041 because section 89.0041 requires notice only after suit is filed. *See* TEX. GOV'T CODE ANN. § 311.034; TEX. LOC. GOV'T CODE ANN. § 89.0041(b)*; Coskey*, 247 S.W.3d at 755. Accordingly, we hold that section 311.034 does not make compliance with section 89.0041 jurisdictional. *Coskey*, 247 S.W.3d at 755.

**B.    Is Substantial Compliance with Section 89.0041 Sufficient?**

Having held that compliance with section 89.0041 is not jurisdictional, we must now consider whether substantial compliance with section 89.0041 is sufficient to withstand a motion to dismiss brought under section 89.0041(c). *See* TEX. LOC. GOV'T CODE ANN. § 89.0041(c). In *Coskey*, the Dallas Court of Appeals answered this question in the affirmative. 247 S.W.3d at 757.

In that case, Coskey sued Dallas County for wrongful termination prohibited by the "Whistleblower Act." *See* TEX. GOV'T CODE ANN. §§ 554.001-.010 (Vernon 2004); *Coskey*, 247 S.W.3d at 754. Within thirty days of filing suit, the following items were delivered to the county judge: (1) a citation, (2) Coskey's original petition and request for disclosure, and (3) exhibits. *Coskey*, 247 S.W.3d at 754. Also, within thirty days of filing suit, Coskey's counsel sent a letter to a Dallas County assistant district attorney requesting dates for depositions and a first request for production. *Id.* Dallas County answered within twenty days of the suit being filed, and on the same day it answered, it served a request

6

for disclosure. *Id.* Dallas County filed a plea to the jurisdiction and motion to dismiss arguing that because it had not received a certified or registered letter within thirty days of Coskey's filing suit as required by section 89.0041(b), the trial court lacked jurisdiction. *Id.* The trial court denied Dallas County's plea and motion. *Id.*

On appeal, the Dallas Court of Appeals held that section 89.0041 is not jurisdictional. *Id.* at 756. Additionally, the court noted that "[s]ection 89.0041's notice of suit requirement against a county serves the purpose of aiding in the management and control of the City's finances and property" and that "[t]he manner of delivery specified by the statute assures that county officials will receive notice of a suit after it has been filed to enable it to respond timely and prepare a defense." *Id.* at 757. Finding that Coskey's "citation, original petition and request for disclosure, and exhibits met these purposes of the notice of suit requirement," along with the fact that the county answered and participated in discovery, all within thirty days of suit being filed, the court concluded that "within thirty days of the date suit was filed, the county judge and lawyer representing the county had actual knowledge of the information required to be disclosed by section 89.0041." *Id.*; *see* TEX. LOC. GOV'T CODE ANN. 89.0041(b); *see also Dallas County v. Autry*, 251 S.W.3d 155, 158 (Tex. App.–Dallas 2008, pet. filed) (holding that plaintiff substantially complied with section 89.0041 because within thirty days of suit being filed, (1) the county judge was served with citation; and (2) the county, through the district attorney's office, answered). The court then held that because Coskey substantially complied with section 89.0041, dismissal under section 89.0041(c) was not mandatory. *Id.*

In reaching its conclusion that substantial compliance with 89.0041 is sufficient, the Dallas Court of Appeals relied on two Texas Supreme Court cases which we believe also apply to the present case. First, in *Artco-Bell Corp. v. City of Temple*, the plaintiff sent a notice letter that complied with all requirements of the city charter except that the letter was not verified. 616 S.W.2d 190, 191 (Tex. 1981). The defendant moved for summary judgment on various grounds, including the assertion that the plaintiff failed to properly notify the defendant of its claim as required by the city charter. *Id.* The trial court granted the motion for summary judgment, and the appellate court affirmed. *Id.* The supreme court stated that "[t]he purpose of the notice requirement is to provide the municipality with an opportunity to investigate an accident while facts are fresh and conditions remain substantially the same, thereby enabling the City to guard against unfounded claims and to settle claims and to prepare for trial." *Id.* at 192. Furthermore, "notice provisions are to be regarded as in aid of the management and control of the City's finances and property." *Id.* Holding that the verified notice provision was invalid because it was beyond the authority of the city, the supreme court stated, "rather than to aid in the administration of justice by preventing spurious and unfounded claims, the verification notice in fact places an obstacle in the path of citizens pursuing a legitimate redress for wrongs committed by public entities." *Id.* at 193.

Second, in *Cox Enterprises, Inc. v. Board of Trustees of Austin Independent School District*, the Texas Supreme Court considered the advance notice provision of the Texas Open Meetings Act, which required governmental entities to provide notice of the subject of a meeting before the meeting was held. 706 S.W.2d 956, 958-59 (Tex. 1986); *see* TEX.

GOV'T CODE ANN. § 551.041 (Vernon 2004); *see also* TEX. GOV'T CODE ANN. § 551.141 (Vernon 2004) (noting that actions taken in violation of section 551.041 are voidable). The supreme court decided that the purpose of the notice requirement was to ensure that the topic to be considered at the meeting was made public with reasonable specificity when the public has a special interest in the topic, and that substantial compliance is sufficient. *Id.* The court held that notice describing the topic generally like "personnel" or "litigation," without a more specific description, did not amount to substantial compliance with the statute. *Id.* at 959-60.

As the Dallas Court of Appeals noted, both of these cases "support a standard of substantial compliance with notice requirements under certain circumstances, and we conclude that standard applies in these circumstances." *Coskey*, 247 S.W.3d at 757. The notice provision of section 89.0041 aids in the management and control of a county's finances and property. *See id.* Notice provided under the statute ensures that the county is able to timely respond to and prepare a defense to the suit. *See id.* We agree with the Dallas Court of Appeals that substantial compliance with section 89.0041, such that the county defendant has actual knowledge of the information required to be disclosed by section 89.0041, is sufficient to avoid dismissal under section 89.0041(c). *See id.*

The Dallas Court of Appeals followed its *Coskey* decision in *Dallas County v. Autry*, 251 S.W.3d at 158. In *Autry*, the court reaffirmed that "section 89.0041 is not jurisdictional and that substantial compliance satisfies its notice requirements." *Id.* The court found that Autry substantially complied with section 89.0041 because the record showed that "the citation was issued and served on the county judge within thirty days after suit was filed

9

and, within the same time period, the County through the district attorney's office filed an answer." *Id.*

As in *Coskey* and *Autry*, the record in the present case demonstrates that Nueces County had actual knowledge of "(1) the style and cause number of the suit; (2) the court in which the suit was filed; (3) the date on which the suit was filed; and (4) the name of the person filing suit." *See* TEX. LOC. GOV'T CODE ANN. 89.0041(b); *Autry*, 251 S.W.3d at 158; *Coskey*, 247 S.W.3d at 757. On March 8, 2006, during the hearing before the federal district court judge, the district attorney, on behalf of Nueces County, agreed to dismissal of the federal suit so that Ballesteros could file his retaliation claim in state court. Ballesteros agreed, in the same hearing, to not advance in state court any claims other than his retaliation claim.

Thirteen days later, on March 21, 2006, Ballesteros filed suit against Nueces County in state district court on that exact claim, as the parties had discussed with the federal district court judge. Then, on March 22, 2006, Ballesteros faxed the Nueces County attorney a copy of his original petition. On March 29, 2006, Ballesteros perfected service of process on Nueces County Judge Terry Shamsie.

Ballesteros's original petition showed "(1) the style and cause number of the suit; (2) the court in which the suit was filed; (3) the date on which the suit was filed; and (4) the name of the person filing suit," the precise information required by section 89.0041(b). *See id.* On April 21, 2006, Nueces County filed an original answer, a plea to the jurisdiction, and a motion to dismiss. Nueces County's actions indicate that it had actual knowledge of the information required by section 89.0041(b). *See id.* Through his federal lawsuit and

10

state court filings, Ballesteros provided more information to Nueces County than did the plaintiff in *Autry*, where the Dallas Court of Appeals found substantial compliance through the filing of an original petition, perfecting service on the county judge, and the district attorney's filing an answer. *See Autry*, 251 S.W.3d at 158. Based on the facts of the present case, we hold that Ballesteros has substantially complied with section 89.0041 and that the trial court erred in dismissing his suit under section 89.0041. *See* TEX. LOC. GOV'T CODE ANN. § 89.0041; *Autry*, 251 S.W.3d at 158; *Coskey*, 247 S.W.3d at 757.

## IV. CONCLUSION

Having sustained Ballesteros's first two appellate issues, we reverse the judgment of the trial court, order Ballesteros's suit reinstated, and remand the case for proceedings in accordance with this opinion.

_____
GINA M. BENAVIDES,
Justice

Dissenting Opinion on
rehearing by Justice Rose Vela.


Opinion on rehearing delivered and
filed this the 14th day of May, 2009.

11