NO. 07-08-0263-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



DECEMBER 21, 2009


______________________________



BILL TURNBOW, 



 Appellant


v.



COLLINGSWORTH COUNTY, TEXAS, 



 Appellee


_________________________________



FROM THE 100TH DISTRICT COURT OF COLLINGSWORTH COUNTY;



NO. 6958; HON. STUART MESSER, PRESIDING


_______________________________



Opinion

_______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 Bill Turnbow (Turnbow) appeals from an order dismissing his lawsuit. He had
sought damages against Collingsworth County, Texas (the County) for injuries suffered as
a result of a vehicular accident. The trial court dismissed the cause due to Turnbow's
purported failure to comply with the notice provisions of §89.0041 of the Local Government
Code. On appeal, he contends that 1) compliance with the notice provisions of the Civil
Tort Claims Act is sufficient, 2) the trial court should not have dismissed the lawsuit
because the County's plea in abatement was not verified, and 3) the trial court erred in not
filing findings of fact and conclusions of law. We reverse the order. 

 Issues 1 and 2 - §89.0041

 In his first two issues, Turnbow contends that his suit should not have been
dismissed because he gave notice to the County of his claim pursuant to the Texas Tort
Claims Act. Tex. Civ. Prac. & Rem. Code Ann. §101.101(a) (Vernon 2005). (1) Furthermore,
that provision allegedly superceded the requirements of §89.0041 of the Local Government
Code in this particular matter. We disagree with the reasoning underlying his contentions
but sustain the ultimate conclusion that the trial court erred in dismissing the matter. 

 Section 89.0041 states:

 (a) A person filing suit against a county or against a county official in the

 official's capacity as a county official shall deliver written notice to:


 (1) the county judge; and

 (2) the county or district attorney having jurisdiction to defend the

 county in a civil suit. 


 (b) The written notice must be delivered by certified or registered mail by

 the 30th business day after suit is filed and contain:


 (1) the style and cause number of the suit;

 (2) the court in which the suit was filed;

 (3) the date on which the suit was filed; and

 (4) the name of the person filing suit. 

Tex. Loc. Gov't Code Ann. §89.0041(a) & (b) (Vernon 2008). The legislature also
mandated that the suit be dismissed if the notice is not given as required. Id. §89.0041(c). 
Finally, the statute has been held to apply to all types of suits against a county, except
certain of those founded on contract. Wood v. Walker, 279 S.W.3d 705, 712 (Tex. App.- 
Amarillo 2007, no pet.).

 Here, Turnbow's suit arose from injuries he received when his vehicle collided with
one driven by a Collingsworth County employee. The parties do not dispute that notice of
his claim was given the County per the Tort Claims Act. This notice, according to Turnbow,
was enough despite the dictates of §89.0041 of the Local Government Code. There is
some authority for that proposition. E.g., Dallas County v. Coutee, 233 S.W.3d 542, 547
(Tex. App.-Dallas 2007, pet. denied). So too is there contrary authority. E.g., Howlett v.
Tarrant County, No. 2-07-373-CV, 2009 Tex. App. Lexis 9281 (Tex. App.-Fort Worth
December 3, 2009, no pet.). We deem the latter authority to be a more accurate
interpretation of the law.

 As explained in Howlett, the notice required pursuant to the Tort Claims Act is pre-suit notice. Id. at *11. Its purpose is to ensure that claims are promptly reported so the
governmental entity may investigate their merits and possibly resolve them. Id. at *11-12;
Brazoria County v. Colquitt, 282 S.W.3d 582, 586-87 (Tex. App.-Houston [14th Dist.] 2009,
pet. filed). However, the notice required by §89.0041 is post-suit; that is, the statute
requires that it be afforded once suit is filed. Howlett v. Tarrant County, 2009 Tex. App.
lexis 9281 at *12. It serves to enable the county to respond timely to the action and
prepare a defense. Id.; Dallas County v. Coskey, 247 S.W.3d 753, 757 (Tex. App.-Dallas
2008, pet. denied). It also aids in the management and control of the county's finances
and property. Ballesteros v. Nueces County, 286 S.W.3d 566, 572 (Tex. App.-Corpus
Christi 2009, pet. stricken). Given the differing purposes underlying §101.101(a) of the
Civil Practice and Remedies Code and §89.0041 of the Local Government Code, as well
as the differing time frames expressed in each, the two are not in pari materia. So, the
former does not displace the latter when tort claims are alleged against a county. 

 Nevertheless, and for the same reasons mentioned in Howlett and Ballesteros, we
conclude that Turnbow substantially complied with §89.0041. See Howlett v. Tarrant
County, 2009 Tex. App. Lexis 9281 at *15 (holding that substantially complying with the
terms of the statute was sufficient); Ballesteros v. Nueces County, 286 S.W.3d at 571-72
(holding the same so long as the County had actual knowledge of the suit). As previously
mentioned, notice of his claim was served on the County before suit was filed. Thereafter,
his original petition was received by the district clerk and file-marked February 4, 2005. 
Furthermore, the document named Collingsworth County as defendant and the county
judge, John James, as the party upon whom service could be had. That it filed an answer,
Collingsworth County undoubtedly had actual knowledge of the suit. Furthermore, the
certificate of service shows that its answer was sent to Turnbow's counsel on February 23,
2005. Since there are only 19 days between the day the petition was initially filed and the
date on which the County mailed its answer, we cannot but hold that the County had
received notice of the proceeding within the 30-day period specified in §89.0041(b). 
Finally, the petition and citation served with it contained the information specified in
§89.0041(b). That is, they disclosed the name of the party who filed suit, the style and
cause number of the suit, the identity of the court in which it was initiated, and the date the
proceeding was filed. 

 That the legislature did not specify any particular means of affording notice under
§89.0041 is also of import. This frees us to look at the totality of the circumstances to
determine whether the purposes underlying the statute were satisfied. From the
circumstances at bar, one can reasonably deduce that Collingsworth County had actual
notice and knowledge of the suit within thirty business days of the date on which the suit
was commenced. It also had adequate opportunity to timely file an answer. So, we, like
the courts in Howlett and Ballesteros, hold that Turnbow substantially complied with and
thereby performed the obligations imposed through §89.0041. Having so held, we need
not address the remaining issues on appeal.

 Because the trial court erred in dismissing the suit for the grounds stated in its order,
that order is reversed. Furthermore, the cause is remanded to the trial court.

 

 Brian Quinn

 Chief Justice
1. Notice of a claim must be given to a governmental unit no later than six months after the day the
incident giving rise to the claim occurred and must reasonably describe the damage or injury claimed, the time
and place of the incident, and the incident. 



nUsed="false" Name="Medium Shading 2 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00438-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



FEBRUARY
22, 2011

 



 

LUIS ANGEL OLVERA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 222ND DISTRICT COURT OF DEAF
SMITH COUNTY;

 

NO. CR-10D-041; HONORABLE ROLAND D. SAUL, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Luis Angel Olvera appeals his conviction for felony driving while
intoxicated.  The certification of right
to appeal executed by the trial court states that this is a plea bargain case
and the defendant has NO right of appeal and the defendant has waived the right
of appeal.  This fact was brought to the
attention of appellant by letter and he was granted an opportunity to obtain an
amended certification entitling him to appeal. 
No such certification was received within the time we allotted.  Having received no amended certification, we
dismiss the appeal.  Tex. R. App. P.
25.2(d); see Chavez v. State, 183
S.W.3d 675, 680 (Tex.Crim.App. 2006) (appellate court
must dismiss prohibited appeal without further action).

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not
publish.