IN THE SUPREME COURT OF TEXAS
 
════════════
No. 
09-0561
════════════
 
Nueces County, Texas, 
Petitioner,
 
v.
 
Joe Guadalupe Ballesteros, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Thirteenth District of Texas
════════════════════════════════════════════════════
 
 
            
Justice 
Willett, dissenting from the denial of the petition for 
review.
            
For reasons explained in my concurrence today in Roccaforte v. Jefferson County,[1] I respectfully dissent from the Court’s 
denial of Nueces County’s petition for review.
            
My view in Roccaforte is that Jefferson 
County effectively waived Roccaforte’s noncompliance 
with the mandatory post-suit notice requirements of Local Government Code 
Section 89.0041 by failing to raise it “as soon as possible.”[2] As we have stated, “The failure of a 
non-jurisdictional requirement mandated by statute may result in the loss of a 
claim, but that failure must be timely asserted and compliance can be waived.”[3] In Roccaforte, Jefferson County litigated for two-plus 
years before asserting defective notice, raising it only after limitations had 
expired. In this case, however, Nueces County immediately objected to 
Ballesteros’s noncompliance in both its plea to the jurisdiction and its motion 
to dismiss.[4] Accordingly, I believe Nueces County was 
entitled to mandatory dismissal under Section 89.0041(c).[5]
            

 
                                                                                    
_______________________________________
                                                                                    
Don R. Willett
                                                                                    
Justice
 
OPINION DELIVERED: April 29, 2011







[1] __ S.W.3d __, __ (Tex. 2011) (Willett, J., 
concurring in part).

[2] 
Id. (citing Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser, 140 S.W.3d 351, 360 (Tex. 2003) (“[I]f a 
governmental unit is to avoid litigation to which it should not be subjected 
because of lack of notice, it should raise the issue as soon as 
possible.”)).

[3] 
Loutzenhiser, 140 S.W.3d at 
359.
 

[4] 286 S.W.3d 566, 568–69.

[5] Unlike 
Roccaforte, Ballesteros does not assert in this Court 
that the no-exceptions dismissal mandate of Section 89.0041(c) is preempted by 
42 U.S.C. § 1983.