# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00251-CV

**Jane Atieno Otieno, Appellant**

**v.**

**Texas Board of Nursing, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. D-1-GN-13-002487, HONORABLE RHONDA HURLEY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Jane Atieno Otieno, a nurse licensed by the Texas Board of Nursing (the Board), filed a suit for judicial review of the Board's final order in an administrative disciplinary proceeding. The Board found that Otieno engaged in conduct that warranted the sanction of a reprimand with certain stipulations to her continued practice of nursing, prompting Otieno's suit. In response, the Board filed a plea to the jurisdiction asserting that Otieno's petition was untimely filed and that the district court therefore lacked subject-matter jurisdiction. *See* Tex. Gov't Code § 2001.176 (person initiates judicial review by filing petition not later than thirtieth day after date on which decision appealed is final); *Jones v. State Bd. of Educator Certification*, 315 S.W.3d 237, 243 (Tex. App.—Austin 2010, pet. denied) (when petition not filed within thirty-day period, district court had no jurisdiction over suit for judicial review). The district court granted the plea to the jurisdiction and dismissed the case. We will affirm the district court's order.

## PROCEDURAL BACKGROUND

After a contested-case hearing before an administrative law judge (ALJ), the ALJ submitted a Proposal for Decision (PFD) to the Board that recommended a reprimand with stipulations for two years.[1] Before submitting the PFD, the ALJ signed an order in which she explained that the audio recording of the contested-case hearing had been inadvertently deleted. The ALJ stated that she had very thorough notes detailing the testimony of the two witnesses who appeared at the hearing and that, based on those notes and on the documentary evidence admitted in the record, she was fully able to write a PFD that reflected the record and that all findings of fact and conclusions of law would be based on the preponderance of the evidence. The Board adopted all of the ALJ's findings of fact and conclusions of law included in the PFD but, rather than impose the sanction recommended by the ALJ, concluded that a more severe disciplinary sanction was warranted. The Board rendered its opinion and order on April 19, 2013. Otieno's counsel received a copy of the Board's opinion and order on April 25, 2013. Otieno timely filed a motion for rehearing, which the Board did not act on. Consequently, the motion for rehearing was overruled by operation of law on June 10, 2013, making the Board's order final on that day. *See* Tex. Gov't Code §§ 2001.146(c) (if agency fails to act, motion for rehearing is overruled by operation of law forty-five days after date on which party or party's attorney was notified of agency's decision or order), .144(a)(2)(B) (if motion for rehearing is filed in contested case, decision is final on date motion is overruled by operation of law). The

---

[1] The parties are familiar with the facts of the case, the sanction recommended by the ALJ, and the action taken by the Board with respect to Otieno's license. Accordingly, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1.

2

deadline for Otieno to file a suit for judicial review was July 10, 2013. *See id.* § 2001.176. Otieno did not file her suit until July 23, 2013, and it was therefore untimely. The district court lacked subject-matter jurisdiction over Otieno's suit for judicial review and correctly granted the Board's plea to the jurisdiction. *See Jones*, 315 S.W.3d at 243; *Texas Comm'n on Envtl. Quality v. Kelsoe*, 286 S.W.3d 91, 97 (Tex. App.—Austin 2009, pet. denied) (district court's subject-matter jurisdiction over suit for judicial review not invoked when party seeking review fails to timely file suit).

Despite the fact that Otieno plainly missed the deadline for filing suit for judicial review, she urges in her first two issues on appeal that her "substantial compliance" with Administrative Procedures Act (APA) requirements invoked the district court's jurisdiction in her suit for judicial review of an agency order.[2] Otieno's briefing of these issues consists in part of noting that the Board could have, but did not, agree to modify two time periods contained in APA sections 2001.143 and 2001.146. *See* Tex. Gov't Code §§ 2001.143 (permitting agency to extend time period for issuing decision or order that may become final), .146 (permitting agency to extend time for taking action on motion for rehearing). The fact that the Board could have, but did not, extend either the time for issuing its order or for acting on the motion for rehearing has no bearing on whether Otieno complied with the APA's deadlines, substantially or otherwise. Otieno also complains that the Board issued its opinion and order without a record and that the agency did not acknowledge or respond to her motion for rehearing. Again, these facts are not relevant to whether Otieno's suit for judicial review was filed by the APA deadline. Otieno further contends that the

---

[2] In the district court, Otieno argued that her suit for judicial review was timely filed. On appeal she appears to abandon that argument in favor of her assertion that "substantial compliance" with statutory petition-for-review deadlines is sufficient to invoke the district court's subject-matter jurisdiction to review an agency order.

Board was aware that she intended to seek judicial review of the Board's order. Otieno relies on *Ballesteros v. Nueces County*, in which the Corpus Christi Court of Appeals found that a standard of "substantial compliance" applied with respect to a specific non-jurisdictional post-suit notice requirement. 286 S.W.3d 566, 570-71 (Tex. App.—Corpus Christi 2009, pet. denied). *Ballesteros* does not, as Otieno argues, support the notion that the "substantial compliance" standard ever applies with respect to jurisdictional prerequisites such as meeting the deadline for timely filing a suit for judicial review of an agency order. *See Edwards Aquifer Auth. v. Chemical Lime, Ltd.*, 291 S.W.3d 392, 403 (Tex. 2009) ("A deadline is not something one can substantially comply with. A miss is a good as a mile."). This Court has consistently held that failure to timely file a suit for judicial review deprives the district court of subject-matter jurisdiction. *See, e.g.*, *HCA Healthcare Corp. v. Texas Dep't of Ins.*, 303 S.W.3d 345, 352 (Tex. App.—Austin 2009, no pet.) (APA requirement that suit for judicial review must be filed within thirty days of agency decision becoming final and appealable is jurisdictional). We overrule Otieno's first two appellate issues.

In her third issue, Otieno contends that her complaint that the Board issued its order in violation of her constitutional due-process rights excuses her from having to petition for judicial review of the agency order and excuses her failure to comply with jurisdictional prerequisites to bringing such suits. We understand Otieno to be referring to the allegation in her petition that the Board issued its order even though the audio recording of the proceedings was inadvertently deleted and no longer available.[3] This complaint was the basis for Otieno's request that the Board's order

---

[3] In her response to the Board's plea, Otieno asserted that she "has plead a common law constitutional cause of action in that the [Board] failed to abide by section 2001.175(b) of the APA and therefore [Otieno's] due process rights were violated . . . . Since there is no record it is as if the hearing never occurred." *See* Tex. Gov't Code 2001.175(b) (after service of petition for review on

be reversed because, in her view, it was in violation of a constitutional provision.  *See* Tex. Gov't Code § 2001.174(2)(A).  The fact that Otieno's suit for judicial review included a constitutional challenge to the procedure the Board followed in the underlying contested case does not excuse her from compliance with the APA's jurisdictional prerequisites to bringing suit for judicial review.  *See Kelsoe*, 286 S.W.3d at 97 (party making constitutional claim must nonetheless comply with statutory prerequisites for judicial review).  Because Otieno's petition was not timely filed, she did not invoke the district court's subject-matter jurisdiction.  The district court properly granted the Board's plea to the jurisdiction.  *See Continental Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 404 (Tex. 2000) (holding that district court properly granted plea to jurisdiction when statutory basis for suit for judicial review alleged was invalid and plaintiff's petition did not allege inherent constitutional right to judicial review as basis for jurisdiction).  We overrule Otieno's third issue.

In her fourth issue, Otieno asserts that, through the Occupations Code and the APA, the legislature has waived the Board's immunity from a suit for judicial review of an adverse action taken against her nursing license.  *See* Tex. Occ. Code § 301.555 (person against whom Board has taken adverse action under this chapter may appeal to district court in county of person's residence or in Travis County); Tex. Gov't Code §§ 2001.171-.178 (procedures for bringing suit for judicial review of agency order in contested case).  We have already explained that Otieno failed to comply with the jurisdictional statutory prerequisite to bringing the legislatively authorized suit for judicial review and that, as a consequence, the district court lacked subject-matter jurisdiction over it.  *See*

---

agency and within time permitted for filing answer agency shall send to reviewing court original or certified copy of entire proceeding).

*HCA Healthcare Corp.*, 303 S.W.3d at 352 (APA requirement that suit for judicial review must be filed within thirty days of agency decision becoming final and appealable is jurisdictional). Otieno's fourth issue is overruled.

In her fifth issue, Otieno asserts that the district court committed fundamental error in granting the Board's plea in the face of the Board's failure to preserve the record as required by the APA. As set forth above, however, the district court lacked subject-matter jurisdiction over Otieno's untimely filed suit for judicial review and was therefore obligated to grant the plea to the jurisdiction and dismiss the case. Otieno's failure to comply with statutory prerequisites to her suit for judicial review deprived the district court of subject-matter jurisdiction to consider the merits of her claim that the manner in which the Board handled the underlying contested case was in violation of her constitutional due-process rights or other statutory provisions and therefore the order should be reversed. *See* Tex. Gov't Code § 2001.174(2)(A) (reviewing court must reverse or remand agency decision made in violation of constitutional provision). The district court's inquiry into whether Otieno timely filed her suit for judicial review was properly made without delving into the merits of her claims. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 552 (Tex. 2000). Granting the Board's plea to the jurisdiction was not fundamental error. We overrule Otieno's fifth issue.

## CONCLUSION

The district court did not err in granting the Board's plea to the jurisdiction and dismissing Otieno's untimely filed suit for judicial review. The district court's order is affirmed.

6

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   August 11, 2015