NUECES COUNTY, Texas, Petitioner,

v.

Joe Guadalupe BALLESTEROS, Respondent.

No. 09–0561.

Supreme Court of Texas.

April 29, 2011.

Laura Garza Jimenez, Nueces County Atty., Alissa Anne Adkins, Andrew Bryce Thompson, Nueces Asst. County Atty's, Corpus Christi, for Nueces County, Texas.

Mark A. Sanchez, Gale Wilson & Sanchez, P.L.L.C., San Antonio, for Joe Guadalupe Ballesteros.

Todd K. Sellars, Dallas County Asst. Atty., Dallas, for Dallas County, Texas (Dallas County).

Justice WILLETT, dissenting from the denial of the petition for review.

For reasons explained in my concurrence today in *Roccaforte v. Jefferson County*,[1] I respectfully dissent from the Court's denial of Nueces County's petition for review.

My view in *Roccaforte* is that Jefferson County effectively waived Roccaforte's noncompliance with the mandatory post-suit notice requirements of Local Government Code Section 89.0041 by failing to raise it "as soon as possible."[2] As we have stated, "The failure of a non-jurisdictional requirement mandated by statute may result in the loss of a claim, but that failure must be timely asserted and compliance can be waived."[3] In *Roccaforte*, Jefferson County litigated for two-plus years before asserting defective notice, raising it only after limitations had expired. In this case, however, Nueces County immediately objected to Ballesteros's noncompliance in both its plea to the jurisdiction and its motion to dismiss.[4] Accordingly, I believe Nueces County was entitled to mandatory dismissal under Section 89.0041(c).[5]

---

1. 341 S.W.3d 919, 927 (Tex.2011) (Willett, J., concurring in part).

2. *Id.* (citing *Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 360 (Tex.2004) ("[I]f a governmental unit is to avoid litigation to which it should not be subjected because of lack of notice, it should raise the issue as soon as possible.")).

3. *Loutzenhiser*, 140 S.W.3d at 359.

4. 286 S.W.3d 566, 568–69.

5. Unlike Roccaforte, Ballesteros does not assert in this Court that the no-exceptions dismissal mandate of Section 89.0041(c) is preempted by 42 U.S.C. § 1983.