Opinion issued September 30, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00324-CV

———————————

PEARLAND CAPITAL GROUP, LP, Appellant

V.

HORIZON
UNITED GROUP INTERNATIONAL, LLC D/B/A HORIZON GROUP INTERNATIONAL, BRINKMANN ROOFING & SHEETMETAL
COMPANY, BRINKMANN INVESTEMENTS, INC., AND NATIONWIDE METAL BUILDINGS, LLC,
Appellees



 



 

On Appeal from the 125th District Court

Harris County, Texas



Trial Court Case No. 2009-60160

 



 

MEMORANDUM OPINION

          Appellant,
Pearland Capital Group, LP (“PCG”), brought this interlocutory appeal[1] to challenge the trial
court’s April 13, 2011 order denying its motion to sever and compel arbitration.  In its sole point of error, PCG contended
that the trial court erred in denying its motion to sever and compel
arbitration of the claims brought against it by appellee, Horizon United Group
International, LLC doing business as Horizon Group International (“Horizon”), that
are “based upon the AIA construction contract between” it and Horizon or,
alternatively, in denying its and Horizon’s “respective alternative motions to
compel arbitration of all claims in dispute,” including those claims by and
against PCG, Horizon, and appellees Brinkmann Roofing
& Sheetmetal Company, Inc., Brinkmann Investments, Inc. (collectively, “Brinkmann”),
and Nationwide Metal Buildings, LLC (“Nationwide”).[2]

Background

          During the pendency of this
interlocutory appeal, neither party sought temporary orders from this Court.  See
Tex. R. App. P. 29.3.  After both PCG and Horizon filed their
briefing in this Court, the trial court, on August 31, 2011, signed an Order
Reconsidering Court’s Prior Ruling Regarding Arbitration, in which it effectively
dissolved its original order and compelled to arbitration “those claims arising
under the Horizon/[PCG] AIA construction contract.”  The trial court made additional orders
severing certain claims into a separate cause number.

          Not made aware of the trial court’s
new order, this Court, on September 7, 2011, sent the parties notice that this
appeal would be set for submission on September 28, 2011.  On September 13, 2011, nearly two weeks after
the trial court effectively dissolved the order being appealed and entered its
new order, PCG filed in this Court a Motion to Dismiss Appeal of Interlocutory
Order Denying Arbitration.  In this
motion, PCG contended that, as a result of the trial court’s new order granting
it the relief that it had requested in its application and compelling
arbitration of certain contract claims, this Court should dismiss the
appeal.  On the same day, Horizon filed
in this Court a Motion to Vacate Subsequent Order of Trial Court, arguing that
the trial court did not have jurisdiction to reconsider its April 13, 2011
order denying arbitration.  Horizon asked
that we vacate the trial court’s new order and proceed to address PCG’s appeal
of the original order.

Motion to Dismiss

In its motion to dismiss, PCG argues that we must dismiss the
interlocutory appeal because the trial court entered a new order granting its
motion to compel arbitration and compelling arbitration of certain claims.

It is undisputed that we have jurisdiction over PCG’s appeal
of the trial court’s original order denying PCG’s application to compel
arbitration.  See Tex. Civ. Prac. &
Rem. Code Ann. § 171.098(a)(1) (Vernon 2005) (providing that party may
appeal order denying application to compel arbitration).  The parties dispute, however, whether the
trial court had jurisdiction to enter its new order and, if so, the affect of
the new order on this appeal.

Texas Rule of Appellate Procedure 29.5 provides,

While an appeal from an interlocutory order is
pending, the trial court retains jurisdiction of the case and unless prohibited
by statute may make further orders, including one dissolving the order
complained of on appeal.  If permitted by
law, the trial court may proceed with a trial on the merits.  But the court must not make an order that:

 

(a)     is inconsistent with any appellate court temporary order; or

 

(b)     interferes with or impairs the jurisdiction of the appellate
court or effectiveness of any relief sought or that may be granted on appeal.

 

Tex. R. App. P. 29.5.  Here, the trial
court’s new order, in which it reconsidered its prior ruling and granted PCG’s
application, was clearly permitted under the rules.  See id.  The trial court’s new order was not
inconsistent with any temporary orders, as neither party requested such orders
during the pendency of the appeal.  See id.; see also Tex. R. App. P.
29.3.  

The trial court’s new order rendered the appeal of the
original order moot.  See Providian
Bancorp Servs. v. Hernandez, No. 08–04–00186–CV, 2005 WL 82197, at *1 (Tex.
App.—El Paso Jan. 13, 2005, no pet.) (mem. op.) (dismissing as moot
interlocutory appeal from order denying motion to compel arbitration after trial
court reconsidered its prior ruling and entered order compelling arbitration); Mobil Oil Corp. v. First State Bank of
Denton, No. 2-02-119-CV, 2004 WL 1699928, at *1 (Tex. App.—Fort Worth July
29, 2004, no pet.) (dismissing as moot interlocutory appeal from class
certification order after trial court vacated order and dismissed class
action); Board of Trustees, Galveston
Wharves v. Galveston Waterfront Ventures, Inc., No. 14-03-00265-CV, 2003 WL
21026383, at *1 (Tex. App.—Houston [14th Dist.] May 8, 2003, no pet.) (mem.
op.) (dismissing as moot appeal of temporary injunction after trial court
entered permanent injunction); see also
Roccaforte v. Jefferson County, 341 S.W.3d 919, 924 & n.9 (Tex. 2011)
(discussing cases “in which further proceedings mooted the issues raised” in
interlocutory appeal).  

To the extent that Horizon suggests that Texas Rule of
Appellate Procedure 29.5(b) precluded the trial court from reconsidering the
order being appealed, we note that the rule expressly and specifically
authorizes a trial court to dissolve an order that is being appealed.  Finally, PCG, the only party that appealed
the trial court’s original order, is now seeking dismissal of its appeal.  Thus, we conclude that the trial court’s new
order has not interfered with or impaired the effectiveness of any relief
sought or that may be granted on appeal.

          Accordingly,
we dismiss the appeal as moot.  We also
deny Horizon’s motion to vacate the trial court’s subsequent order.

Conclusion

We dismiss the appeal as moot.

 

 

                                                                    Terry Jennings

                                                                   Justice 

 

Panel
consists of Justices Jennings, Sharp, and Brown.

 











[1]           Tex.
Civ. Prac. & Rem. Code Ann. § 171.098(a)(1) (Vernon 2005).

 





[2]
          Both Brinkmann and Nationwide
have elected not to file appellate briefs.