COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Carolyn Calkins James, Individually and as next friend of her elderly
                            mother, Mary Olive Calkins v. Honorable Olen Underwood,
                            Honorable Patrick Sebesta, Fidelity and Deposit Company of
                            Maryland, Richard Stephen Calkins as agent in fact for Mary Olive
                            Calkins, and Michael Easton, Individually and as assignee of Richard
                            Stephen Calkins

Appellate case number:      01-13-00277-CV

Trial court case number:    2012-51725

Trial court:                80th District Court of Harris County

Appellee, Fidelity and Deposit Company of Maryland ("Fidelity"), has filed a "Motion to Dismiss Appeal as Untimely." We deny the motion.

Appellant, Carolyn Calkins James, filed suit against appellees, the Honorable Olen Underwood, the Honorable Patrick Sebesta, and Fidelity. On November 30, 2012, the trial court granted a motion to dismiss filed by the Honorable Olen Underwood and the Honorable Patrick Sebesta. James timely appealed from the trial court's interlocutory order on December 19, 2012.

Appellees Richard Stephen Calkins and Michael Easton intervened in the trial court proceedings on December 28, 2012, asserting a breach of contract cause of action against James.

On March 1, 2013, the trial court signed an order granting Fidelity's motion to dismiss. The order also stated: "It is therefore ordered, adjudged and decreed that this matter be and hereby is dismissed without prejudice for lack of standing and lack of capacity. All other pending motions are dismissed as moot."

Calkins and Easton responded to the trial court's March 1, 2013 order by filing a notice of non-suit on March 4, 2013. On March 12, 2013, however, the trial court signed an "Order in Clarification of Entry of Dismissal," stating that the March 1, 2013 order dismissed Calkins and Easton's causes of action and that "any action taken by any party in this case subsequent to entry of dismissal on March 1st is moot."

James filed a motion for new trial on April 3, 2013 and a notice of appeal on May 31, 2013.

On August 9, 2013, Fidelity filed a motion to dismiss this appeal, arguing that James's May 31, 2013 notice of appeal was untimely and we therefore have no jurisdiction over this appeal. According to Fidelity, the trial court signed the final judgment on March 1, 2013, James's April 3, 2013 motion for new trial was therefore not timely and did not extend the deadline for filing a notice of appeal, and James's notice of appeal was therefore untimely. Fidelity requests that we dismiss the appeal.

In response, James argues that the March 1, 2013 order was not a final judgment, that the notice of nonsuit filed by Easton and Calkins "disposed of all parties and claims," and that the appellate deadlines in this case run from either the March 4, 2013 notice of nonsuit or the March 12, 2013 order of the trial court.

Because James filed a timely notice of appeal from the trial court's November 30, 2012 interlocutory order and the appeal from that order was still pending when the trial court's judgment became final, whether it became final on March 1, 2013 or March 12, 2013, a second notice of appeal from the trial court's final judgment was unnecessary to perfect the appeal in this case. *See Corcoran v. Atatscocita Cmty. Improvement Ass'n, Inc.*, No. 14-12-00983-CV, 2013 WL 504051, at *1 (Tex. App.—Houston [14th Dist.] Feb. 12, 2013, no pet.). Although the trial court neither expressly modified its November 30, 2012 order nor expressly vacated and replaced it, the trial court did implicitly modify its November 30, 2012 order when it signed the final judgment, and the final judgment necessarily replaced the interlocutory order, which merged into the judgment. *See Roccaforte v. Jefferson County*, 341 S.W.3d 919, 924 (Tex. 2011). As a result, under Texas Rule of Appellate Procedure 27.3, we must treat the December 19, 2012 notice of appeal as an appeal from the final judgment. *See* TEX. R. APP. P. 27.3; *Roccaforte*, 341 S.W.3d at 924–25. Therefore, James's December 19, 2013 notice of appeal was timely filed and invoked our jurisdiction over this appeal, and the later-filed notice of appeal was unnecessary under these circumstances. *See* TEX. R. APP. P. 25.1(b).

Accordingly, we DENY Fidelity's "Motion to Dismiss Appeal as Untimely."

It is so ORDERED.

Judge's signature: /s/ Harvey Brown
                 ☒ Acting individually     ☐ Acting for the Court

Date: September 11, 2013