

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00051-CV

ROBERT CODY BRANCH, Appellant

V.

TEXAS FARM BUREAU UNDERWRITERS, LINDA BRANCH,
AND SECURITY STATE BANK, N.A., Appellees

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 14-0632-A

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Robert Cody Branch (Robert) has filed an appeal from (1) the trial court's June 20, 2016, amended order granting Linda Branch's (Linda) Interlocutory Motion for Summary Judgment (the June 20 Order) and (2) the trial court's June 23, 2016, order denying Robert's motion for summary judgment (the June 23 Order). The clerk's record was filed by this Court August 24, 2016.

"[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record . . . ." *Id.* Generally, an interlocutory judgment becomes final when it merges into the final judgment disposing of the entire case. *See Roccaforte v. Jefferson County*, 341 S.W.3d 919, 924 (Tex. 2011). The trial court's summary judgment orders from which Robert has appealed do not resolve all claims and issues between the parties, either individually or in combination, thus rendering them interlocutory.

The June 20 Order resolves the summary judgment motion filed by Linda. That motion specifically stated, "Because damages are unliquidated, the court should grant LINDA BRANCH an interlocutory summary judgment on liability and hold a hearing on damages." Further, the caption of the June 20 Order indicates that it is interlocutory, the body of the order does not purport to award damages to any party and does not address the parties' respective requests for attorney fees from Texas Farm Bureau, and there is no mother-hubbard language included in the order, which would at least signify the Court's intent that the order be final and appealable.

2

Similarly, the June 23 Order, which overruled Robert's motion for summary judgment and also severed Texas Farm Bureau's interpleader claim from all other claims, does not resolve all pending claims or dispose of all parties and contains no indicia of finality. Robert's motion for summary judgment simply asked the trial court to find that Texas Farm Bureau's interpleader suit failed as a matter of law, and the trial court denied that motion. While the trial court's June 20 Order resolved the very focused liability issue raised by Robert's motion, Robert asserted other claims, including unfair settlement practice and breach of contract claims, which, based on the record before this Court, remain active. Those claims, according to the June 23 Order, appear to be a part of the severed action.

Because the clerk's record currently before this Court does not include a final judgment awarding damages to Linda or to any other party or resolving the parties' requests for attorney fees against Texas Farm Bureau, both the June 20 Order and the June 23 Order are interlocutory in nature. Although the trial court severed Texas Farm Bureau's interpleader claim from all remaining claims by or between Robert and Linda, that severance did not render either of the summary judgment orders final and appealable.[1]

By letter dated August 24, 2016, we informed Robert of these defects and directed him to show the Court how it had jurisdiction over this appeal. We further informed him that his failure to respond by September 13, 2016, would result in dismissal of the appeal for want of jurisdiction. We have received nothing from Robert.

---

[1] We are unable to discern from this record precisely which claims were severed from Texas Farm Bureau's interpleader action and, perhaps more importantly, why those claims were severed.

3

We find that the trial court's orders of June 20 and June 23 were not final and appealable, either individually or in combination, and that, consequently, we are without jurisdiction over this appeal. We dismiss the appeal for want of jurisdiction.

Josh R. Morriss, III
Chief Justice

Date Submitted:     September 21, 2016
Date Decided:       September 22, 2016