

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00105-CV

_____

BARROW SHAVER RESOURCES COMPANY, LLC, KATHRYN M. DAWSON,
AND MICHAEL RAY HILL, Appellants

V.

NETX ACQUISTIONS, LLC, AND THOMAS C. MERRITT, TRUSTEE, Appellees

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 19C090

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Barrow Shaver Resources Company, LLC, Kathryn M. Dawson, and Michael Ray Hill (Appellants) have appealed the trial court's November 8, 2019, summary judgment order. The clerk's record in the referenced matter was filed by this Court on January 7, 2020. On our review of the record, we noted a potential defect in the Court's jurisdiction over this appeal.

"[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record . . . ." *Id.* Generally, an interlocutory judgment becomes final when it merges into the final judgment disposing of the entire case. *See Roccaforte v. Jefferson Cty.*, 341 S.W.3d 919, 924 (Tex. 2011).

The trial court's November 8, 2019, summary judgment order does not resolve all claims and issues between the parties. More specifically, the plaintiff's request for an award of attorney fees was neither addressed by the parties in their respective summary judgment motions nor resolved by the trial court in the summary judgment order. Under those circumstances, it does not appear that the November 8, 2019, summary judgment order is a final, appealable order. *See Zurich Am. Ins. Co. v. Debose*, No. 01-08-00717-CV, 2009 WL 793851 (Tex. App.—Houston [1st Dist.] Mar. 2, 2009, pet. denied) (mem. op.). Consequently, we are currently without jurisdiction over this appeal.

By letter dated January 7, 2020, we notified Appellants of this potential defect in our jurisdiction and afforded them the opportunity to show this Court how it had jurisdiction over the

2

appeal, notwithstanding the noted defect. We further informed Appellants that the failure to respond by January 17, 2020, would result in dismissal of the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Appellants did not file a response.

We find that the trial court's November 8, 2019, order was not final and appealable. Consequently, we are without jurisdiction over this appeal.

We dismiss this appeal for want of jurisdiction.

Josh R. Morriss, III
Chief Justice

Date Submitted:     January 28, 2020
Date Decided:       January 29, 2020

3