**Dismissed and Memorandum Opinion filed March 21, 2023.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-22-00159-CV**

---

**HARRIS COUNTY APPRAISAL DISTRICT, Appellant**

**V.**

**NOMAAN K. HUSAIN AND KAMILA M. HUSAIN, Appellees**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-64093**

---

## MEMORANDUM OPINION

Appellant Harris County Appraisal District (HCAD) challenges the trial court's January 13, 2022 interlocutory order requiring it to pay settlement funds and attorney's fees to appellees Nomaan Husain and Kamila Husain. Because that interlocutory order was implicitly vacated by the trial court's February 18, 2022 final judgment, we dismiss the appeal for want of jurisdiction.

In two issues, HCAD asserts the trial court erred in issuing its January 13, 2022 order (1) compelling HCAD to pay "settlement funds," and (2) compelling HCAD to pay attorney's fees. HCAD requests that this court "reverse and vacate the

trial court's January 13, 2022 Interlocutory Order and strike Appellees' $4,200 award of attorney's fees and requirement that HCAD pay 'settlement funds.'" We conclude we need not address HCAD's issues because the trial court's final judgment superseded the January 13, 2022 interlocutory order.

By rendering a final judgment without incorporating the interlocutory order into the final judgment, the trial court necessarily vacated its prior interlocutory order. *See Roccaforte v. Jefferson Cnty.*, 341 S.W.3d 919, 924 (Tex. 2011) (holding that final judgment impliedly and necessarily replaced interlocutory summary judgment which merged into judgment); *Hernandez v. Ebrom*, 289 S.W.3d 316, 319 (Tex. 2009) (concluding appeals of some interlocutory orders are mooted by subsequent orders).

While HCAD filed a notice of appeal purporting to challenge the trial court's final judgment, it has not asserted issues in its brief that challenge the final judgment. HCAD has not provided any argument, analysis, or authority asserting that the trial court erred in granting the relief included in the February 18, 2022 final judgment. Appeals of some interlocutory orders become moot because the orders have been rendered moot by subsequent orders. *See, e.g.*, *Richards v. Mena*, 820 S.W.2d 372, 372 (Tex. 1991) (appeal of temporary injunction was rendered moot by rendering of permanent injunction). To the extent HCAD challenges the interlocutory order, that appeal has been rendered moot by the trial court's rendition of a final judgment. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018).

In this case, HCAD appealed the final judgment but does not raise any issues challenging that judgment. HCAD's only complaints are with the interlocutory order, which was superseded by the final judgment. Therefore, any decision this court made on HCAD's issues could not have a practical effect on the final judgment. We must conclude, therefore, that HCAD's challenges to the interlocutory order are moot. *See Electric Reliability Council of Tex., Inc. v. Panda Power Generation*

*Infrastructure Fund, LLC*, 619 S.W.3d 628, 641 (Tex. 2021).

The Husains agree that the February 18, 2022 final judgment modified the interlocutory order so that HCAD is no longer required to pay "settlement funds." Incongruously, the Husains also assert that the trial court did not err in awarding attorney's fees in the January 13, 2022 order. As stated above, however, the trial court's final judgment did not award attorney's fees to either party. Because the final judgment did not include an attorney's fee award to the Husains, to the extent they wanted to challenge this lack of award, the Husains would have had to file a notice of appeal. *See* Tex. R. App. P. 25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal."); *see also Kelly v. Tracy*, No. 01-18-00913-CV, 2022 WL 2837335, at *12 n.8 (Tex. App.—Houston [1st Dist.] July 21, 2022, no pet.) (mem. op.). They did not do so. By failing to file a notice of appeal from the court's final judgment, the Husains have forfeited their argument that they are entitled to attorney's fees. *See Kelly*, 2022 WL 2837335, at *12 n.8 (declining to address issue related to propriety of relief awarded in final judgment when judgment did not include attorney's fees that had been included in superseded interlocutory order).

Because HCAD only appeals from the moot January 13, 2022 order, we dismiss the appeal for want of jurisdiction. Tex. R. App. P. 43.2(f); *see also Panda Power*, 619 S.W.3d at 641.

/s/     Charles A. Spain
        Justice

Panel consists of Justices Zimmerer, Spain, and Hassan.

3