

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00022-CV

IN THE INTEREST OF A.G.M.D., A CHILD

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 22C1372-CCL

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Appellant has appealed the trial court's February 16, 2023, summary judgment order. After reviewing the clerk's record filed in this matter, we noted a potential defect in our jurisdiction over this appeal.

"[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record . . . ." *Id.* Generally, an interlocutory judgment becomes final when it merges into the final judgment disposing of the entire case. *See Roccaforte v. Jefferson Cnty.*, 341 S.W.3d 919, 924 (Tex. 2011).

The trial court's February 16, 2023, summary judgment order does not resolve all claims and issues between the parties. It does nothing more than find that the appellant is not the father of A.G.M.D. It is not clear from the trial court's order whether that finding prevents appellant from pursuing all claims and issues raised in his petition. Further, the order does not resolve the claims and issues raised by A.G.M.D.'s mother in her counter-petition. Under these circumstances, the February 16, 2023, summary judgment order is not a final, appealable order. *See Zurich Am. Ins. Co. v. Debose*, No. 01-08-00717, 2009 WL 793851, at *2 (Tex. App.— Houston [1st Dist.] Mar. 26, 2009, pet. denied) (mem. op.). Consequently, we do not have jurisdiction over this appeal.

By letter dated April 13, 2023, we notified appellant of this potential jurisdictional defect and afforded him the opportunity to demonstrate our jurisdiction over the appeal,

notwithstanding the noted defect. Appellant was also informed that the appeal would be dismissed without further notice should appellant fail to file a response. *See* TEX. R. APP. P. 42.3(a). Appellant did not file a response.

Because we find that the trial court's February 16, 2023, summary judgment order was not final and appealable, we are without jurisdiction over this appeal. As a result, we dismiss the appeal for want of jurisdiction.

Scott E. Stevens
Chief Justice

Date Submitted:     May 15, 2023
Date Decided:       May 16, 2023