ACCEPTED
03-15-00436-CV
6602220
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/21/2015 1:52:35 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00436-CV

_____

**IN THE COURT OF APPEALS**

**THIRD JUDICIAL DISTRICT COURT**

**AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/21/2015 1:52:35 PM
JEFFREY D. KYLE
Clerk

_____

CHARLES O. "CHUCK" GRIGSON,

APPELLANT

VS.

THE STATE OF TEXAS, THE TEXAS DEPARTMENT OF INSURANCE,
THE TEXAS COMMISSIONER OF INSURANCE;
and FARMERS GROUP, INC. ET AL.,

APPELLEES

_____

On Appeal from the 261st Judicial District Court of Travis County, Texas
Cause No. D-1-GV-02-002501

_____

**APPELLANT GRIGSON'S AMENDED EMERGENCY
MOTION TO STAY THE SENDING OF CLASS NOTICE**

_____

Joe K. Longley
LAW OFFICES OF JOE K.
LONGLEY
State Bar No. 12542000
1609 Shoal Creek Blvd. #100
Austin, Texas 78701
512-477-4444

Philip K. Maxwell
LAW OFFICE OF PHILIP K.
MAXWELL
State Bar No. 13254000
1609 Shoal Creek Blvd #100
Austin, Texas 78701
512-947-5434

*Attorneys for Appellant Grigson*

**TO THE HONORABLE COURT OF APPEALS:**

COMES NOW, Appellant Charles O. "Chuck: Grigson ["Grigson"] who files this Amended Emergency Motion to Stay Sending of Class Notice pursuant to §51.014(a)(3) and (b), Texas Gov't Code and Rules 9, 10 and 29.5 of the Texas Rules of Appellate Procedure. Grigson seeks emergency relief pursuant to Rule 10.3(a)(3), Texas Rules of Appellate Procedure, and in support thereof, respectfully shows the Court the following:

1.     Grigson seeks Emergency Relief based upon a new threat made by Farmers Appellees.

2.     On Thursday, August 20, 2015 at approximately 4:44 PM, Counsel for Grigson received an email containing a letter from M. Scott Incerto, lead counsel for the Farmers Appellees, making the following threat to the status quo of Grigson's (and class members') rights as they currently are pending before this Court:

> Grigson's Emergency Motion to Stay the Sending of Class Notice, which also seeks a discretionary stay, remains undecided.
> In sum, ***because no stay (automatic or discretionary) is in effect*** and because Farmers has been expressly ordered to disseminate Class Notice by September 4, 2015, ***Farmers will proceed with the issuance of Class Notice***. The Settlement administrator, ***Rust Consulting, as Farmers' agent, will proceed with commencing the printing process*** for the Class Notice ***on Tuesday, August 25, 2015***, in order to be in a position to place the Class Notice in the mail on September 4, 2015.

Exhibit 1 – Incerto's letter to counsel for Grigoson (Emphasis added).

3.      Farmers now attempts to disrupt the *status quo* currently existing in this appeal by adversely affecting and irreparably harming the rights belonging to Grigson (and other class members) who seeks to have his appeal decided without the harm caused by the sending of a class notice.  The potential wasting of over $2.5 million dollars of policyholder funds prior to this Court's resolution of this appeal will misinform and confuse the putative class members and interfere with this Court's jurisdiction to determine whether the 2015 order before this Court and the notice that it requires can be sustained:

> When a trial court preliminarily certifies a settlement-only class action, **the effect on the course of the proceedings is immediate, significant, and perhaps irreparable if it is later determined that the class cannot be maintained.**"

*McAllen Medical Center, Inc. v. Cortez*, 66 S.W.3d 227, 234 (Tex. 2001). (Emphasis added).

4.      In July of 2003, this Court issued an order using the exact wording of *Cortez* to stop the class notice from being sent in the 2003 settlement.  See Exhibit 2.

5.      Here, just as in *Cortez*, Farmers threatens to send notice bearing the "trial court's imprimatur" as a *fait accompli* to prime the class to participate in a settlement that has not been subject to the stringent requirements of Rule 42, nor to the appellate review of the trial court's July 6, 2015 order.

6.      Grigson, in responding to the State and Farmers' Joint Motion to Dismiss for Lack of Jurisdiction, has detailed the State and Farmers' unlawful agreement to

attempt to abrogate this Court's statutory jurisdiction to decide this case, and the extraordinary lengths they've already taken to implement it. [1]

7.     Now the aim of Farmers is to unilaterally abrogate this Court's inherent jurisdiction "*to determine its own jurisdiction*" by destroying the *status quo* through the sending class notice prior to this Court's determination of its own jurisdiction. *See* Texas Gov't Code, Section 22.220(c) ["each Court of Appeals may, on affidavit or otherwise, as the Court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction"]; *Dallas County Appraisal District v. Funds Recovery, Inc.,* 887 S.W.2d 465, 468 (Tex.App.— Dallas 1994, writ. denied). ["We must inquire into our own jurisdiction even if it is necessary to do so *sua sponte*."] This is the very jurisdiction Farmers and the State have invoked with the filing of their Joint Motion to Dismiss.

8.     Farmers is likewise attempting to use the *trial court's order* in a manner that "interferes with or impairs the jurisdiction of the appellate court or the effectiveness of any relief sought or that may be granted on appeal." Rule 29.5 Texas Rules of Appellate Procedure.

9.     Farmers threat not only interferes with the jurisdiction of this Court, but likewise interferes with the Court's briefing schedule. By having Rust Associates

---

[1]   Appellees have contested this Court's jurisdiction pursuant to a Motion to Dismiss which has bene fully briefed by the parties and is pending before the Court. See Motion filed July 17, 2015; Grigson's Response filed July 31, 2015, Appellee's Reply filed August 12, 2015 and Grigson's Sur-Reply filed August 14, 2015.

(Farmers' agent) begin the printing of the class notices on August 25, 2015 – the day before Appellant's brief is due – August 26, 2015, Farmers interferes with Grigson's ability to completely brief all of the issues and comply with the briefing schedule set by the Court.

Nevertheless, Grigson will endeavor to complete and file his brief on the day scheduled.

WHEREFORE, PREMISES CONSIDERED, Grigson prays that Court enter an appropriate order granting this Amended Emergency Motion to Stay the Sending of Class Notice and that the Court do so *post haste* to prevent irreparable harm caused by the destruction of the *status quo* now existing prior to notice being sent. Grigson further requests that this Court grant such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

CHARLES O. "CHUCK" GRIGSON
APPELLANT

LAW OFFICES OF JOE K. LONGLEY

_____ */s/ Joe K. Longley*_____
Joe K. Longley
State Bar No. 12542000
1609 Shoal Creek Blvd. #100
Austin, Texas 78701
512-477-4444 PHONE
512-477-4470 FAX

LAW OFFICE OF PHILIP K. MAXWELL

_____/s/ Philip K. Maxwell_____
Philip K. Maxwell
State Bar No. 13254000
1609 Shoal Creek Blvd #100
Austin, Texas 78701
512-947-5434 PHONE

ATTORNEYS FOR APPELLANT,
CHARLES O. "CHUCK" GRIGSON

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served on the following counsel of record eFile.TXCourts.gov electronic filing system on August 21, 2015.

Joshua Godbey
Office of the Attorney General of Texas
P. O. Box 12548
Austin, TX  78711-2548

Sara Waitt
General Counsel
Texas Department of Insurance
P. O. Box 149104
Austin, TX 78714-9104

M. Scott Incerto
Norton Rose Fulbright
98 San Jacinto Blvd #1100
Austin, TX 78701

Marcy Greer
Alexander Dubose Jefferson & Townsend, LLP
515 Congress Ave., Suite 2350
Austin, TX 78701

Michael J. Woods
8620 N. New Braunfels, Ste. 522
San Antonio, TX 78217

Joseph C. Blanks
PO Box 999
Doucette, TX 75942

_____/s/ Joe K. Longley_____
Joe K. Longley

## CERTIFICATE OF CONFERENCE

Grigson's counsel has conferenced with Scott Incerto, lead counsel for the Farmers Parties; and Ryan Mindell, counsel for the State of Texas, regarding this motion.   Both oppose granting the emergency relief sought by this motion.

_____/s/ Joe K. Longley_____
Joe K. Longley

## CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4(i)

I certify that the foregoing document contains 846 words and complies with the word limit set forth in Texas Rule of Appellate Procedure 9.4(i).

_____/s/ Joe K. Longley_____
Joe K. Longley

# VERIFICATION

THE STATE OF TEXAS      §

COUNTY OF TRAVIS      §

    BEFORE ME, the undersigned authority, on this day personally appeared Joe K. Longley, a person whose identity is known to me. After I administered an oath to him, upon his oath, he said the following:

    "My name is Joe K. Longley, and I am capable of making this affidavit, and the facts in this affidavit are true and within my personal knowledge. I am lead counsel for Appellant Charles O "Chuck" Grigson. All documents included in the APPENDIX filed with this Amended Emergency Motion to Stay the Sending of Class Notice are true and correct copies of documents filed with this Court or presented to the trial court in this action. I have read the Amended Emergency Motion to Stay Sending of Class Notice and the factual statements contained therein that are not otherwise established by this record are within my personal knowledge and are true and correct."

    "Further, Affiant sayeth not."

_____
Joe K. Longley

SUBSCRIBED AND SWORN TO before me on this the 21st day of August, 2015.

MARYANN PARRIS
Notary Public, State of Texas
My Commission Expires
July 08, 2018

_____
Notary Public, State of Texas
My Commission Expires: July 8, 2018

VERIFICATION OF JOE K. LONGLEY      1

NO. 03-15-00436-CV

_____

IN THE COURT OF APPEALS

THIRD JUDICIAL DISTRICT COURT

AUSTIN, TEXAS

_____

CHARLES O. "CHUCK" GRIGSON,

APPELLANT

VS.

THE STATE OF TEXAS, THE TEXAS DEPARTMENT OF INSURANCE,
THE TEXAS COMMISSIONER OF INSURANCE; and FARMERS GROUP,
INC. ET AL.,

APPELLEES

_____

On Appeal from the 261st Judicial District Court of Travis County, Texas
Cause No. D-1-GV-02-002501

_____

**APPELLANT GRIGSON'S APPENDIX IN SUPPORT OF RESPONSE TO APPELLEES'
JOINT MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION AND REQUEST
FOR EXPEDITED CONSIDERATION OF MOTION**

_____

**EXHIBIT 1**      **8-20-2015 Letter from M. Scott Incerto to Appellants**

**EXHIBIT 2**      **7-7-2003 Third Court of Appeals Order Staying the Sending
of Class Notice**

# EXHIBIT 1

August 20, 2015

**Via E-Mail**

# NORTON ROSE FULBRIGHT

Norton Rose Fulbright US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
United States

Joe K. Longley
1609 Shoal Creek Blvd. #100
Austin, TX 75942
Joe@JoeLongley.com

Direct line +1 512 536 4529
scott.incerto@nortonrosefulbright.com

Tel +1 512 474 5201
Fax +1 512 536 4598
nortonrosefulbright.com

Joseph C. Blanks
P.O. Box 999
Doucette, TX 75942
blanxlex@gmail.com

Re:   Cause No. D-1-GV-02-002501, *State of Texas, et al. v. Farmers Group, Inc., et al.*, In the 261st Judicial District Court of Travis County, Texas; Cause No. 03-15-00436-CV, *Grigson et al. v. State of Texas et al.*, In the Third Court of Appeals, Austin, Texas

Dear Mr. Longley and Mr. Blanks:

As you know, the district court's Order of Preliminary Approval requires that Farmers send out class notice by September 4, 2015. In light of the appellate proceedings that you initiated, Farmers has already delayed the issuance of the Class Notice as much as possible. The purpose of this letter is to notify you that, barring an adverse ruling by the court of appeals on Mr. Grigson's Emergency Motion to Stay the Sending of Class Notice, Farmers will send out notice on September 4th as ordered.

Farmers' decision to proceed with the issuance of notice is based in the first instance on the absence of interlocutory appellate jurisdiction in this case to enforce any alleged stay (automatic or discretionary). As we have pointed out in our briefing papers, the district court's Order of Preliminary Approval did not "certif[y] or refuse[] to certify a class in a suit brought under Rule 42" and instead only preliminarily approved the terms of the Settlement Agreement and approved class notice—neither of which are subject to the narrow interlocutory jurisdictional window afforded under Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(3); *see also McAllen Med. Ctr., Inc. v. Cortez*, 66 S.W.3d 227, 234 (Tex. 2001) ("[T]he trial court's preliminary approval of the [] settlement has no binding force. . . . appellate review is premature."); *Citgo Ref. and Mktg., Inc. v. Garza*, 94 S.W.3d 322, 327 (Tex. App.—Corpus Christi-Edinburg 2002, no pet.) ("[N]o Texas court has held that an order approving the form of notice to a class is subject to interlocutory appeal. . . . the present attempted appeal is dismissed for want of jurisdiction."). These and related arguments are laid out in the Joint Motions to Dismiss Mr. Grigson's and Mr. and Mrs. Hookses' appeals; the Joint Reply in further support of the Motions to Dismiss; and the Joint Response to Mr. Grigson's Emergency Motion to Stay.

Moreover, because the automatic stay under Remedies Code § 51.014(b) is purely statutory in nature, and not jurisdictional, the court of appeals must first have interlocutory appellate jurisdiction to trigger or impose any stay, which it does not have here. *See Roccaforte v.*

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

56179992

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

*Jefferson Cnty.*, 341 S.W.3d 919, 923 (Tex. 2011) ("[T]he stay imposed by section 51.014(b) . . . differs from a situation in which the relevant statute vests 'exclusive jurisdiction' in a particular forum. . . . as we have noted, 'a court's action contrary to a statute or statutory equivalent means the action is erroneous or 'voidable,' not that the ordinary appellate or other direct procedures to correct it may be circumvented.'").

Even if an automatic stay were in effect (which it is not), the stay would only apply to "all other proceedings in the trial court" and would not apply to the issuance of Class Notice which, in this case, does not require any further action in or by the trial court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b). Mr. Grigson concedes this fact by seeking only a discretionary stay from the court of appeals in his Emergency Motion to Stay the Sending of Class Notice.

There is currently no discretionary stay of class notice in effect either. The district court denied Mr. Grigson's request for a discretionary stay, and Grigson's Emergency Motion to Stay the Sending of Class Notice, which also seeks a discretionary stay, remains undecided.

In sum, because no stay (automatic or discretionary) is in effect and because Farmers has been expressly ordered to disseminate Class Notice by September 4, 2015, Farmers will proceed with the issuance of Class Notice. The settlement administrator, Rust Consulting, as Farmers' agent, will proceed with commencing the printing process for the Class Notice on Tuesday, August 25, 2015, in order to be in a position to place the Class Notice in the mail on September 4, 2015.

Best regards,

M. Scott Incerto

MSI/cml
cc:     Joshua Godbey – (via e-mail: joshua.godbey@texasattorneygeneral.gov)
        Ryan S. Mindell - (via email: ryan.mindell@texasattorneygeneral.gov)
        Jennifer S. Jackson - (via email: jennifer.jackson@texasattorneygeneral.gov)

        Michael Woods – (via e-mail: michaeljwoods@sbcglobal.net)

56179992

# EXHIBIT 2

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-03-00374-CV

---

### Jan Lubin, Gilberto Villanueva, and Michael Paladino, Appellants

### **v.**

### Farmers Group, Inc.; Farmer Underwriters Association; Fire Underwriters Association;

### Farmers Insurance Exchange; Fire Insurance Exchange; Texas Farmers Insurance Company, Mid-Century Insurance Company of Texas; Mid-Century Insurance

### Company; et al, Appellees

---

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

## NO. GV202501, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

---

## O R D E R

**PER CURIAM**

Appellants seek an emergency stay of the sending of notices to the class preliminarily certified below by the district court until this Court rules in this interlocutory appeal. Because the district court's preliminary certification of a settlement-only class will cause immediate, significant and potentially irreparable effects in this case and to prevent interference or impairment with this Court's jurisdiction or the effectiveness of any appellate relief we may subsequently grant, the Order of Preliminary Approval, signed by the district court on June 27, 2003, is hereby stayed in all respects until further order of this Court.

It is ordered on this the 7th day of July, 2003.

Before Justices B. A. Smith, Yeakel and Puryear