

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-20-00105-CV

---

ISABELLE EDWARDS, Appellant

V.

BOXER PROPERTY MANAGEMENT CORPORATION, Appellee

---

On Appeal from the 193rd District Court
Dallas County, Texas
Trial Court No. DC-19-08079

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Isabelle Edwards has appealed the trial court's November 5, 2020, partial summary judgment order. The clerk's record in the referenced matter was filed on December 10, 2020.[1] Upon review of the record, we noted a potential defect in the Court's jurisdiction over this appeal.

"[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record . . . ." *Id.* Generally, an interlocutory judgment becomes final when it merges into the final judgment disposing of the entire case. *See Roccaforte v. Jefferson Cty.*, 341 S.W.3d 919, 924 (Tex. 2011).

The trial court's November 5, 2020, partial summary judgment order does not include finality language. Instead, it specifically states that appellee's claims against appellant remain pending. Nothing in the record provided to this Court reflects that any such claims have been resolved or that the challenged order is one that has been authorized by statute or rule to be appealed. Consequently, we are currently without jurisdiction over this appeal.

By letter dated December 16, 2020, the Fifth Court of Appeals notified appellant of this potential jurisdictional defect and afforded her the opportunity to demonstrate the appellate

---

[1]Originally appealed to the Fifth Court of Appeals in Dallas, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

court's jurisdiction over the appeal, notwithstanding the noted defect.[2]  Appellant was informed that any such response was due no later than December 28, 2020, and that the appeal would be dismissed without further notice should appellant fail to file a response.  *See* TEX. R. APP. P. 42.3(a).  Appellant did not file a response.

We find that the trial court's November 5, 2020, partial summary judgment order was not final and appealable.  Consequently, we are without jurisdiction over this appeal.

We dismiss this appeal for want of jurisdiction.

Scott E. Stevens
Justice

Date Submitted:     January 5, 2021
Date Decided:       January 6, 2021

---

[2]This letter preceded the date of transfer.